IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  15-cv-01077-PAB-NYW

PENELOPE ZELLER, an individual,

     Plaintiff,

v.

VENTURES TRUST 2013-I-NH and MCM CAPITAL PARTNERS, LLC, its trustee,
EAGLE VISTA EQUITIES, purchaser at Public Trustee Sale, and
DEBRA JOHNSON, Public Trustee for Denver County,

     Defendants.

---

## ORDER

---

     This matter is before the Court on the Application for Preliminary Injunction

Prohibiting Defendant Executing a Forceable Entry and Detainer Action <u>Forthwith</u>

[Docket No. 17] and the Exparte Forthwith Motion for Temporary Restraining Order on

Eviction in Wrongful Foreclosure on the Home Located at 3030 Saint Paul Street in

Denver Colorado [Docket No. 37] filed by plaintiff Penelope Zeller.

     The following facts are relevant to resolving the present motion.  In 2005, plaintiff

took out a mortgage loan to purchase property located on Saint Paul Street in Denver,

Colorado (the "property").  Docket No. 18 at 8.  In 2007, plaintiff executed a promissory

note (the "note), refinancing her loan with Countrywide Home Loans ("Countrywide").

*Id.*  Bank of America ("BOA") later purchased Countrywide.  *Id.* at 9.  Plaintiff alleges

that Countrywide and BOA engaged in a pattern of improprieties with respect to her

loan.  *Id.* at 9-11.  At the May 28, 2015 hearing on plaintiff's motion for a temporary

restraining order ("TRO"), plaintiff did not dispute that she is in default on the note, but instead argued that, due to Countrywide's and BOA's misconduct, it was unclear what entity was the beneficiary of the note.

In 2012, Bank of America initiated foreclosure proceedings on the property, but no foreclosure sale was scheduled. *Id.* at 11. In 2013, defendant Ventures Trust 2013-I-NH by MCM Capital Partners, LLC ("Ventures Trust") began communicating with plaintiff regarding the note and, in 2014, commenced foreclosure proceedings on the property. *Id.* at 13; Docket No. 27 at 5, ¶ 5. Ventures Trust filed a Colo. R. Civ. P. 120 proceeding and, after a contested hearing, on May 11, 2015, the District Court for the City and County of Denver, Colorado (the "state court") entered an Order Authorizing Sale. Docket No. 27 at 6; Docket No. 27-11 at 1.

On May 22, 2015, plaintiff filed this case against Ventures Trust and Denver County Public Trustee Debra Johnson (the "public trustee"). Docket No. 1. Plaintiff's original complaint brought claims for, among other things, wrongful foreclosure, unjust enrichment, violation of the Real Estate Procedures Act, violation of the Fair Debt Collection Practices Act, deprivation of constitutional rights pursuant to 42 U.S.C. § 1983, and violation of the Fifth and Fourteenth Amendments. Docket No. 1 at 28-51. Plaintiff filed a motion for a temporary restraining order, seeking to enjoin the public trustee's sale of the property. On May 28, 2015, the Court held a hearing on plaintiff's first motion for a TRO and denied the motion. Docket No. 10.

On May 28, 2015, the Public Trustee for the City and County of Denver held a foreclosure sale, where defendant Eagle Vista Equities, LLC ("Eagle") purchased the property. Docket No. 27 at 6; Docket No. 27-13 at 1; Docket No. 17 at 10. The public

2

trustee issued a Public Trustee's Confirmation Deed ("confirmation deed") to Eagle,

Docket No. 27-14, and, on June 3, 2015, the state court entered an order approving

sale.  Docket No. 27-15.

On June 11, 2015, Eagle served a notice to vacate the property, directing plaintiff

to vacate the property on or before June 16, 2015.  Docket No. 25-1 at 14.  On June 17,

2015, plaintiff filed an amended complaint, adding Eagle as a defendant.  Docket No.

18.  Plaintiff's amended complaint asserts substantially the same claims as her original

complaint, but additionally requests injunctive relief setting aside the public trustee sale

and "an injunction as to any eviction action that MCM/Eagle Vista Equities may be

contemplating . . . ."  *Id.* at 45 to Docket No. 18-1 at 2.  Plaintiff also seeks to quiet title

in her favor.  Docket No. 18-1 at 5.  On June 17, 2015, plaintiff filed a motion for a

preliminary injunction, seeking to enjoin Eagle from filing a forcible entry and detainer

action to take possession of the property.  Docket No. 17 at 1.  Eagle filed a response.

Docket No. 25.

Eagle asserts that plaintiff refuses to vacate the property.  Docket No. 25 at 1.

On June 19, 2015, Eagle filed the Complaint in Unlawful Detainer (the "detainer action")

in the County Court for the City and County of Denver, Colorado, seeking judgment in

its favor for, among other things, "possession of the Premises."  Docket No. 25-1.  On

July 2, 2015, the detainer action was transferred to the District Court for the City and

County of Denver, Colorado.  A hearing on the issue of possession of the property is

set for August 12, 2015 in Denver District Court.  Docket No. 37-1.

On August 7, 2015, plaintiff filed a second motion for a TRO.  Docket No. 37.

Plaintiff appears to request that the Court issue a TRO enjoining the detainer action

until the Court rules on plaintiff's motion for a preliminary injunction.  *Id.* at 4.

The Court turns to plaintiff's motion for a preliminary injunction.  Although the plaintiff's motion for a preliminary injunction sought an order enjoining Eagle from filing an unlawful entry and detainer action in state court, Eagle has subsequently commenced the detainer action and it remains pending in state court.  Thus, plaintiff's specific request for relief appears to be moot.  To the extent plaintiff's motion can be construed as seeking an order enjoining Eagle from further prosecuting the detainer action pending in state court, the question is whether granting such relief is appropriate.  For two reasons, the Court answers that question in the negative.

The Anti-Injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  The term "proceedings" has been held to encompass "all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process."  *Hill v. Martin*, 296 U.S. 393, 403 (1935).  The Anti-Injunction Act also applies to injunctions prohibiting parties from continuing to prosecute a suit in state court.  *See, e.g.*, *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 144 (1988); *see also Braverman v. New Mexico*, 2011 WL 6013587, at *9-*10 (D.N.M. Oct. 19, 2011).

Plaintiff argues that, because she has brought a claim pursuant to 42 U.S.C. § 1983, her request for relief falls within an exception to the Anti-Injunction Act.  Docket No. 17 at 2.  Exceptions to the Anti-Injunction Act "are narrow and are not [to] be enlarged by loose statutory construction."  *Chick Kam Choo*, 486 U.S. at 146.  The

Supreme Court has held that 42 U.S.C. § 1983 is "an Act of Congress that falls within the 'expressly authorized' exception of" the Anti-Injunction Act. *Mitchum v. Foster*, 407 U.S. 225, 243 (1972).  Under § 1983, persons acting under the color of state law can be held liable for depriving others of their constitutional rights. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  In order to show that an action was taken under color of state law, a plaintiff must show: (1) that the "alleged constitutional deprivation [was] 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,'" and (2) that the "'party charged with the deprivation [was] a person who may fairly be said to be a state actor.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

Plaintiff has not established that her § 1983 claim would entitle her to the specific injunctive relief sought in the motion for preliminary injunction.  As to the first prong of a § 1983 claim, plaintiff alleges that the Colorado non-judicial foreclosure system is unconstitutional, Docket No. 18 at 26, and deprived her of certain constitutional rights. *Id.* at 39-40.  However, the injunction that she seeks in the present motion does not, strictly speaking, concern such proceedings.  Rather, the foreclosure process terminated upon the state court's order approving sale and Eagle's receipt of the confirmation deed.  Plaintiff now seeks to enjoin Eagle from prosecuting a separate detainer action to enforce its rights under the confirmation deed.  Forcible entry and detainer actions are governed by statute.  *See* Colo. Rev. Stat. § 13-40-101 *et seq.* Plaintiff's motion for a preliminary injunction does not allege that the detainer action is

part of the allegedly unconstitutional foreclosure system, and does not allege that the detainer statutory scheme is unconstitutional or otherwise functions to deprive plaintiff of a constitutional right.  No basis exists for so concluding.  *See Butler v. Farner*, 704 P.2d 853, 858 (Colo. 1985) (rejecting due process challenge to detainer statute).[1] Moreover, alleging a "'private misuse' of state laws" fails to satisfy the first prong of the color of law test.  *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1209 (10th Cir. 2005) (citing *Lugar*, 457 U.S. at 941).  Thus, to the extent plaintiff alleges that Eagle failed to use (or misused) state procedures, plaintiff fails to allege that she was deprived of a constitutional right by "the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible."  *See Sullivan*, 526 U.S. at 50.

As to the second prong of a § 1983 claim, in order to determine whether a private party can be considered a state actor under § 1983, a court may apply a variety of tests depending on the facts of each case.  *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1448 (10th Cir. 1995).  However, regardless of which test is applied, plaintiff fails to allege sufficient facts upon which to conclude that Eagle is a

---

[1]Plaintiff's motion for a TRO primarily argues that Colorado's non-judicial foreclosure scheme is unconstitutional.  *See* Docket No. 37 at 3.  However, to the extent plaintiff argues that the "Summary Forcible Entry and Detainer proceeding do[es] not provide a full and fair hearing," *id.*, plaintiff appears to assert that the detainer statutory scheme violates her due process rights.  Plaintiff fails to support her argument with citation to authority or provide relevant facts regarding the detainer proceeding.  In the absence of such a showing, the Court lacks a sufficient basis upon which to conclude that the detainer proceeding violates plaintiff's due process rights.  *See Butler*, 704 P.2d at 858 (citing *Lindsey v. Normet*, 405 U.S. 56 (1972)); *Schuler v. Oldervik*, 143 P.3d 1197, 1201 (Colo. App. 2006) (rejecting argument that detainer proceeding violated due process in part because defendants could have brought counterclaim to quiet title under Colo. R. Civ. P. 105 or requested to delay trial pursuant to Colo. Rev. Stat. § 13-40-114).

state actor.  *See Lewis v. JP Morgan Chase Bank, Nat'l Assoc.*, No. 13-cv-01375-PAB-KLM, 2014 WL 1217948, at *3-*4 (D. Colo. March 24, 2014) (concluding, after application of multiple tests, bank and law firm that engaged in foreclosure proceedings were not state actors under § 1983).

Because plaintiff seeks to enjoin a state court action that is separate from and subsequent to the allegedly unconstitutional foreclosure proceedings and because plaintiff has failed to establish that Eagle – the party against whom she seeks injunctive relief – is a state actor, plaintiff fails to establish that the injunctive relief her motion requests against Eagle is cognizable pursuant to § 1983.  Because "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy," *see Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (quotation omitted), the Court concludes that the Anti-Injunction Act prohibits the Court from interfering in the detainer action.  *See, e.g.*, *Parker v. Remo Enters., LLC*, No. 08-cv-01425-DME-KLM, 2008 WL 2914336, at *1 (D. Colo. July 22, 2008) (declining, in exercise of discretion, to enjoin state court forcible entry and detainer proceeding).

Even assuming that plaintiff's request to enjoin the detainer action falls within an exception to the Anti-Injunction Act, the rule of *Younger v. Harris*, 401 U.S. 37 (1971), additionally requires the Court to abstain from interfering in the detainer action.  In *Younger*, the Supreme Court ruled that a district court's injunction of a pending state court criminal prosecution violated "the national policy forbidding federal courts to stay

or enjoin pending state court proceedings except under special circumstances." *Id*. at

41. *Younger* abstention dictates "that federal courts not interfere with state court

proceedings by granting equitable relief – such as injunctions of important state

proceedings or declaratory judgments regarding constitutional issues in those

proceedings – when such relief could adequately be sought before the state court."

*Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  Thus, after *Younger*, even

when a federal court would otherwise have jurisdiction to grant equitable relief, the court

must abstain from exercising jurisdiction when a judgment on the claim would interfere

with ongoing state criminal or civil proceedings.  *D.L. v. Unified Sch. Dist.*, 392 F.3d

1223, 1227-28 (10th Cir. 2004).

The Supreme Court has established a threefold analysis for abstention under

*Younger*.  A federal court must abstain if (1) there is an ongoing state judicial, civil, or

administrative proceeding, (2) which implicates important state interests, and (3) in

which there is an adequate opportunity to raise constitutional challenges.  *Middlesex*

*Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431-32 (1982); *Crown*

*Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

As noted above, *Younger* abstention is a bar not only to claims for injunctive relief, but

also to claims requesting a declaratory judgment concerning the constitutionality of a

state law.  *Younger*, 401 U.S. at 45 ("[t]he accused should first set up and rely u[p]on

his defense in the state courts, even though this involves a challenge of the validity of

some statute, unless it plainly appears that this course would not afford adequate

protection"); *Rienhardt*, 164 F.3d at 1302.  Moreover, *Younger* abstention is not

discretionary and, if abstention applies, a court must dismiss the claim without prejudice. *D.L. Unified*, 392 F.3d at 1228.

As to the first prong of the *Younger* analysis, the detainer action remains pending in state court. *See* Docket No. 37-1. As to the second prong, the Supreme Court has held it to be "beyond question" that ensuring the security of titles to real estate is "an essential state interest." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544 (1994) (rejecting interpretation of bankruptcy code provision that would place the "title of every piece of realty purchased at foreclosure . . . under a federally created cloud"). An order enjoining the detainer action would prohibit Eagle from enforcing its rights under the confirmation deed, which would implicate the state's interest in security of title to real property. As to the third prong, plaintiff does not allege any facts or otherwise establish that she would be unable to raise constitutional challenges in defense of the detainer action, and the Court finds no basis for so concluding. The Colorado Supreme Court has held that the forcible entry and detainer statutory scheme "provides a mechanism for ensuring that defendants will have an opportunity to fully present available defenses." *Butler*, 704 P.2d at 858.

Because plaintiff's request for injunctive relief meets the three prongs of the *Younger* analysis, abstention is necessary unless (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith"; (2) the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it"; or (3) there are other extraordinary circumstances involving

irreparable injury. *Moore v. Sims*, 442 U.S. 415, 424 (1979) (internal citations and alterations omitted); *Younger*, 401 U.S. at 53. Plaintiff has not demonstrated that any of these circumstances are present in this case. With respect to the question of whether plaintiff will suffer irreparable injury if the detainer action is not enjoined, for the reasons stated on the record at the TRO hearing, even if, as plaintiff alleges, Ventures Trust was not a proper holder of the note and therefore lacked standing to foreclose on the property, plaintiff essentially admits that she is in default on the note to the proper holder of the note. Thus, she has not established that she has a possessory interest in the property such that she would suffer irreparable harm if the detainer action were to proceed. Pursuant to the *Younger* abstention doctrine, plaintiff's motion for a preliminary injunction will be denied without prejudice.

Plaintiff also appears to contend that the relief she seeks is proper pursuant to *Ex parte Young*, 209 U.S. 123 (1908). In *Ex parte Young*, the Supreme Court recognized an exception to Eleventh Amendment immunity under which a state officer may be enjoined from "taking any steps towards the enforcement of an unconstitutional enactment, to the injury of complainant." *Id.* at 159. The *Ex parte Young* exception, however, is narrow and applies only to prospective relief and may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past. *Buchwald v. Univ. of New Mexico Sch. of Med.,* 159 F.3d 487, 495 (10th Cir. 1998). The present motion for a preliminary injunction does not appear directed at the public trustee or any other state officer in his or her official capacity. Rather, plaintiff seeks to enjoin Eagle – a private entity – from prosecuting the detainer action. Moreover, to

whatever extent plaintiff seeks an injunction requiring the public trustee to set aside the sale of the property, the relief she seeks is retroactive, not prospective.  *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (holding that court considering *Ex parte Young* claim "need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective" (quotation omitted)).  Thus, *Ex parte Young* does not apply to the injunctive relief requested in the present motion.[2]

Because plaintiff is not entitled to a preliminary injunction, her motion for a TRO and the relief requested therein is moot.  *See* Docket No. 37 at 4.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Application for Preliminary Injunction Prohibiting Defendant Executing a Forceable Entry and Detainer Action <u>Forthwith</u> [Docket No. 17] and the Exparte Forthwith Motion for Temporary Restraining Order on Eviction in Wrongful Foreclosure on the Home Located at 3030 Saint Paul Street in Denver Colorado [Docket No. 37] are **DENIED** without prejudice.

---

[2]The Court concludes that it can appropriately resolve the present motion without a hearing.  *See Prosper, Inc. v. Innovative Software Techs*, 188 F. App'x 703, 706 (10th Cir. 2006) (unpublished) (holding that district court did not abuse its discretion in failing to hold a hearing on motion for preliminary injunction); *Reynolds & Reynolds Co. v. Eaves*, 1998 WL 339465, at *3 (10th Cir. June 10, 1998) (table decision) (rejecting argument that court was required to hold evidentiary hearing on motion for preliminary injunction)

DATED August 10, 2015.

BY THE COURT:

s/Philip A. Brimmer
_____
PHILIP A. BRIMMER
United States District Judge