IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01077-PAB-NYW

PENELOPE ZELLER, an individual,

    Plaintiff,

v.

VENTURES TRUST 2013-I-NH and MCM CAPITAL PARTNERS, LLC, its trustee,
EAGLE VISTA EQUITIES, purchaser at Public Trustee Sale, and
DEBRA JOHNSON, Public Trustee for Denver County,

    Defendants.

## ORDER

This matter is before the Court on the Motion for Reconsideration of the Amended Ex-parte Forthwith Application for Temporary Restraining Order and Request for Order to Show Cause Why a Preliminary Injunction Should Not Issue Prohibiting Defendant Eagle Vista From Evicting Plaintiff from Her Home Located at 3030 Saint Paul Street in Denver Colorado [Docket No. 41] filed by plaintiff Penelope Zeller.

The relevant facts are set forth in the Court's August 10, 2015 order denying plaintiff's motions for a temporary restraining order ("TRO") and for a preliminary injunction and will not be restated here except as relevant to resolving the present motion. *See* Docket No. 40. On August 10, 2015, the Court denied plaintiff's motions to enjoin a detainer action brought by defendant Eagle Vista Equities and currently pending in the District Court for the City and County of Denver, Colorado. *Id.* at 11. The Court concluded that both the Anti-Injunction Act, 28 U.S.C. § 2283, and *Younger*

*v. Harris*, 401 U.S. 37 (1971), prohibited the Court from interfering in the pending detainer action. *Id.* at 7.

Plaintiff appears to request that the Court reconsider its ruling under the Anti-Injunction Act. Docket No. 41 at 1-2. The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *see Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995), and, where a party files a motion for reconsideration prior to the entry of judgment or of a final order, Rules 59(e) and 60(b) do not apply. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new

evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000).

Plaintiff does not identify new evidence or a change in the controlling law and does not establish that any aspect of the Court's Anti-Injunction Act ruling was clearly erroneous.  Plaintiff's primary argument appears to be that, but for the allegedly unconstitutional Colorado Rule of Civil Procedure Rule 120 proceeding that resulted in an order authorizing sale of plaintiff's home, the detainer action would not have been initiated.  Docket No. 41 at 3.  Plaintiff further asserts that, because the "state foreclosure action is subject to a § 1983 claim[,] so is the [detainer] action that follows as an abuse of process." *Id.*  Although plaintiff is correct that the Rule 120 action preceded the detainer action, for the reasons stated in the Court's prior order, this fact does not, by itself, place her request to enjoin the detainer action within the 42 U.S.C. § 1983 exception to the Anti-Injunction Act.  *See* Docket No. 40 at 6-7.  Moreover, plaintiff's citation to *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982), does not establish that defendant Eagle Vista Equities is a "state actor" for purposes of § 1983. *See Lewis v. J.P. Morgan Chase Bank, Nat'l Assoc.*, No. 13-cv-1375-PAB-KLM, 2014 WL1217948, at *4-*5 (D. Colo. March 24, 2014) (distinguishing *Lugar*).

Even assuming that plaintiff could establish that her request for injunctive relief falls within an exception to the Anti-Injunction Act, the Court additionally ruled that the *Younger* abstention doctrine prohibited the Court from interfering in the detainer action.

Docket No. 40 at 10.  Plaintiff does not challenge this aspect of the Court's order, and none of the arguments raised in the present motion provide a reason for the Court to reconsider its ruling that *Younger* abstention barred plaintiff's request for injunctive relief.  Thus, because the *Younger* abstention doctrine provides an independently sufficient basis for denying plaintiff's request for injunctive relief, plaintiff's motion for reconsideration fails to establish that she is entitled to relief she seeks.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Reconsideration of the Amended Ex-parte Forthwith Application for Temporary Restraining Order and Request for Order to Show Cause Why a Preliminary Injunction Should Not Issue Prohibiting Defendant Eagle Vista From Evicting Plaintiff from Her Home Located at 3030 Saint Paul Street in Denver Colorado [Docket No. 41] is **DENIED**.

DATED August 11, 2015.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge